No. 5621.

J. S. MORRIS v. JAMES HAND ET AL.

1. JURISDICTION.—The courts of another State having jurisdiction of the parties, may exercise jurisdiction in a suit for specific performance of a contract for the conveyance of land in Texas. The fact that they can not enforce their decrees constitutes no objection to the exercise of jurisdiction. If specific performance be decreed it may render an alternative judgment for money in lieu of the specific act they contracted to be performed. If the decree requires a conveyance of title to land in Texas, it is not effective unless the owner of the land makes the conveyance in person.

2. SPECIFIC PERFORMANCE—PRESUMPTION—LAPSE OF TIME.—After the lapse of thirty years possession under one who had the written obligation of the former owner for the conveyance of land which recited that the obligor had no claim, right or title to the land, raises the presumption that the conditions of the obligation to convey had been complied with. A judgment of another State decreeing against the obligor specific performance is conclusive of the fact that the conditions of the contract resting on the obligee had been complied with by him.

APPEAL from Montague. Tried below before the Hon. F. E. Piner.

*Davis & Garnett,* for appellant.

*Stephens, Matlock & Herbert,* for appellee: It is a well settled general rule founded upon reasons of public policy, that the courts of one State or country can not make a decree ordering the conveyance of land situate in another which will be recognized as valid and binding by the courts of the other State. The same principle applies to an assignment of real estate situated in one State or country made by order of the bankrupt court of another State. And a receiver (committee), also, is but an officer of the court which appoints him, and it would follow upon principle, and which is abundantly sustained by authority, that he can not act in his official capacity outside the jurisdiction of the court by which he was appointed. (Moseby v. Burrow, 52 Texas, 396; Paschal v. Acklin, 27 Texas, 173; Wharton's Confl. Laws, secs. 278, 288, 808; Story's Confl. Laws, sec. 414; Story's Eq. Jur., sec. 744a; White v. White, 7 Gill &

31

J., 210; Page v. McKee, 3 Bush (Ky.) 135; Watts v. Waddle, 6 Pet., 400; Booth v. Clark, 17 How. (U. S.), 322.)

MALTBIE, PRESIDING JUDGE. This suit was brought on the fifth day of June, 1884, by the appellees, James Hand and others, the only heirs of Jacob S. Hand, against the appellant, J. S. Morris, to recover a tract of land in Montague county, patented to the heirs of John J. Hand. The evidence puts the title to the land in appellees, unless their claim is defeated, in whole or in part, by other facts proven on the trial. The land was patented September 6, 1855, by virtue of a certificate issued to the heirs of John J. Hand on account of services rendered by said Hand in the Texas Revolution. John J. Hand was massacred at Goliad, leaving Jacob S. Hand his only heir at law. Appellees derive their title as heirs at law of Jacob S. Hand. It was shown that on the seventeenth day of May, 1854, Jacob S. Hand entered into a written contract with Leander Fox, by which Hand agreed to give Fox one-half of all the lands to which he was entitled in Texas as the heir of his son John J. Hand, in consideration that Fox should recover the same from J. C. Cordova and R. R. Royal, obligating himself to convey to Fox one-half of the land, and acknowledging that Fox was the owner of one-half of such lands, and that he, Hand, had no claim, right or title to such half. It appears that both Fox and Hand were residents of Montgomery county, in the State of New York, and that they continued to reside there until the death of Hand, which occurred in the year 1860.

Appellant introduced in evidence a transcript of the proceeding of the Supreme Court of Montgomery county, New York, in the matter of Lewis C. Brown, committee of Jacob S. Hand, which showed that, on the seventh day of April, 1859, Hand was adjudged a lunatic, and that Brown was appointed committee of his estate.

It also contained the petition of Brown, as such committee, filed in the Supreme Court of Montgomery county, on January 28, 1860, showing that during the year 1857, Leander Fox commenced in said Supreme Court, against Jacob S. Hand, a suit for the specific performance of the above contract of May 17, 1854, and that afterwards, on the seventeenth day of November, 1858, judgment was rendered requiring Jacob S. Hand, within twenty days thereafter, to execute to Leander Fox a deed to one half of all the lands in Texas to which he, Jacob

S. Hand, was entitled as heir of John J. Hand, and, in default thereof, that Jacob S. Hand pay to Fox the sum of two thousand and five hundred dollars, as the value of the lands; that Hand failed to comply with the decree, and that judgment was rendered against him for two thousand eight hundred and fifty-five dollars and thirty-two cents, as the value of the land and costs and damages, which judgment was a lien on all of the real estate of Hand situated in Montgomery county. The petition further represented that Brown, as committee, had obtained a stay of the judgment, with leave to file an answer, but not believing that he would be able to successfully defend the suit, he had entered into an agreement with Fox to compromise it—Fox to take the whole of the Texas lands in satisfaction of the judgment—and asked that such compromise be approved by the court as beneficial to the estate. The court, after taking proofs, adjudged that it would be beneficial to the estate of Jacob S. Hand that the compromise be made, and ordered that Lewis C. Brown, as committee, make a deed to the land to Leander Fox. The compromise was approved March 27, 1860, and a deed made in pursuance thereof on the tenth of April thereafter, which was read in evidence.

Appellant proved that Fox conveyed the land to E. W. Wood on the twenty-second of July, 1878, and that he was in possession claiming under Wood. The trial was before the court without a jury and resulted in a judgment in favor of appellees for all of the land.

The Supreme Court of Montgomery county, New York, had jurisdiction of the parties, and the subject matter of the suit; and the fact that it did not have the power to enforce its decree against the land in Texas, constitutes no objection to the right to entertain the suit. (1 Story on Equity Jurisprudence, p. 730, 731, sec. 744; Waterman on Specific Performance of Contracts, 65.)

The court being one of general jurisdiction, the presumption is that it had the right to render an alternative judgment against Jacob S. Hand, and make it final against him personally for dollars and cents upon his failure to comply with its decree ordering him to convey one-half of his Texas lands to Leander Fox. But it is settled without conflict of authority, that courts of one State or country have no authority under any circumstances, to divest the title to real estate situated in a foreign State or country, or to direct the sale of such land to be made

by any one occupying a fiduciary capacity. The extent of the power in such cases being to decree that the person invested with the title make conveyance of it, which may be enforced by personal process against the owner. But the decree is not effectual unless the owner of the land in person executes a conveyance to it. (Mosby v. Burrow, 52 Texas, 404; Paschal v. Acklin, 27 Texas, 175; Watts v. Waddle, 6 Pet., 400; Booth v. Clark, 17 Howard, 322; Wadkins v. Holman, 16 Pet., 25; Page v. McKee, 3 Bush, 135; Wharton on the Conflict of Laws, secs. 278, 288.)

It follows that the deed from Lewis C. Brown, committee of the estate of Jacob S. Hand, to Leander Fox, made by virtue of a decree of the Supreme Court of New York, was ineffectual to pass the title to the land in controversy. But appellant was in possession under a contract from Jacob S. Hand to convey one-half of his Texas lands to Leander Fox, when recovered by him; also acknowledging that he had no claim, right or title to one-half of any of the lands so recovered by Fox. And we think that possession under this contract by a vendee of Fox, after the lapse of thirty years, would raise the presumption that its conditions had been fulfilled. However this may be, the Supreme Court of New York, in rendering judgment against Jacob S. Hand for failing to comply with his contract to convey one-half of this land to Leander Fox, must necessarily have determined that Fox had complied with his part of the contract.

Under the facts of this case, it would be inequitable for the appellees to recover all of the land, and we are of the opinion that the judgment should be reversed, and here rendered, giving to the appellant one-half of the land, and to appellees the other half.

*Reversed and rendered.*