# JANUARY, 1914

ADELINE GUERGUIN HOLT v. LEOPOLD GUERGUIN ET AL.

No. 2586.   Decided January 14, 1914.

**1.—Deed—Cancellation—Jurisdiction—Foreign Land.**

The courts of Texas have no jurisdiction to decree cancellation of a deed to land in Mexico.   (Pp. 188, 189.)   ·

**2.—Partition—Jurisdiction—Foreign Land.**

The courts of Texas have no jurisdiction to decree the partition of lands in Mexico.   (P. 189.)

**3.—Fundamental Error.**

Error in cancelling a conveyance and decreeing partition of land in a foreign country is fundamental, and is ground for reversal though not properly assigned.   (P. 189.)

**4.—Deposition—Presence of Party.**

The fact that the party at whose instance a deposition was taken was present at the taking and suggested a correction of one answer by the witness was not ground for suppressing it where it did not appear that the answer was affected by such interference.   (Pp. 189, 190.)

**5.—Deposition—Witness Present at Trial.**

.   The refusal of the trial court to compel a witness present at the trial to be placed on the stand for examination, instead of introducing his deposition previously taken, was within his discretion, and not cause for reversal except when abuse of the discretion was shown.   (P. 190.)

**6.—Evidence—Declarations—Another's Meaning.**

Declarations of a party as to what was meant by statements made by another person were inadmissible.   One's declarations may be admitted to interpret his own acts, but not those of another.   (P. 190.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

Adeline G. Holt sought writ of error on a judgment on her appeal, affirming that of the trial court.

*C. C. Clamp, Joseph Ryan, J. G. Greiner, W. F. Ramsey,* and *C. L. Black,* for plaintiff in error.—Court could not try title to land in Mexico. T. & P. Ry. Co. v. Gay, 86 Texas, 571.

Court could not partition land in Mexico.   Wimer v. Wimer, 82 Va.,

890; Moor v. Moor, 57 S. W., 992; Johnson v. Kimbrough, 75 Am. Dec., 781.

Nor could it cancel recorded title to land in Mexico.  Fry v. Myers, 13 S. W., 1025; Morris v. Hand, 70 Texas, 483; Moseby v. Burroughs, 52 Texas, 404.; Davis v. Headley, 22 N. J. Eq., 115; Corley v. Scarlett, 87 Am. Dec., 298; Railway Co. v. Gay, 86 Texas, 590; Carpenter v. Strange, 141 U. S., 87; Blackman v. Wright, 65 N. W., 843; Fall v. Fall, 75 Neb., 120.

Gross irregularity in the taking of a deposition is ground for their suppression regardless of whether or not injury is shown.  Rice v. Ward, 56 S. W., 747; Doss v. Soap, 65 S. W., 38.

Declarations so closely connected with the main transaction as to throw light upon its character are admissible in evidence.  Railway Co. v. Pierce, 25 S. W., 1053; Railway Co. v. Anderson, 17 S. W., 1039; Sargeant v. Carnes, 19 S. W., 378; Little v. State, 12 S. W., 965; M. P. R. R. Co. v. Collier, 62 Texas, 320 (318); Gresham v. Harcourt, 75 S. W., 808.

We have examined the cases in other jurisdictions, and cite the following which adhere to or recognize the absolute rule of the common law and hold that, when a witness is present in court, he should be placed on the stand, subject to the view of the jury, so that the jury may properly weigh his testimony, and that his depositions previously given can not be read.  Humes v. O'Bryan, 74 Ala., 64; Neilson v. Railway Co. (Conn.), 34 Atl., 820; Moline Plow Co. v. Gilbert (Dakota), 15 N. W., 1; Railway Co. v. Kane (Ga.), 18 S. W., 18; Fullenwider v. Ewing (Kan.), 1 Pac., 300; Dunn v. Dunn, 11 Mich., 284; Carter v. Prior, 18 Mo. App., 576; Hayward v. Barron, 38 New·Hampshire, 366; Green v. Middlesex, 53 N. Y. Supp., 500; Stiles v. Bradford (Pa.), 4 Rawle, 394; Sergeant v. Adams (Vermont), 1 Tyler, 197; Puryear v. Reese (Tenn.), 6 Cold., 21; Witford v. Clark Co., 119 U. S., 522, 30 Law. Ed., 500.  We have also examined the cases which have modified the strict rule of the common law, and none of them goes further than those of this State, all merely holding that, while a deposition may be read notwithstanding the presence of the witness, yet that is a matter over which the trial court should exercise proper discretion and, in the event a proper discretion has been exercised, the action will not be reviewed on appeal; otherwise that it will.

*Webb & Goeth, Carlos Bee,* and *Henry Stieler,* for defendants in error.—The Supreme Court has the power now and here to render such judgment as will conform to the verdict of the jury and as would have been rendered, if Mrs. Holt had made objection to the form of the decree in the District Court.  Gaston v. Campbell, 104 Texas, 585; Lewis v. Sellick, 69 Texas, 379-383-384; Burditt v. Swenson, 17 Texas, 489-506; Meeve v. Eberhardt, 108 S. W., 1013-1015; Mims v. Mitchell, 1 Texas, 443-445; Holland v. Riggs, 116 S. W., 167-173-174; Cummings & Co. v. Masterson, 93 S. W., 500; Robinson v. Chamberlain,

68 S. W., 209; Thorn v. State, 10 Texas, 295; McIntosh v. Greenwood, 15 Texas, 116-117.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The defendants in error filed an answer to the application for writ of error and having determined to grant the application we will decide the case. Both parties have submitted the case on the statement made by the Court of Civil Appeals, which we adopt, as follows:

"Appellant sought to probate the will of Mrs. Manuela Morales Guerguin, in the County Court, and a contest was filed by Mrs. Annie Guerguin as next friend of her husband, Leopold Guerguin, a person of unsound mind, on the ground of the mental condition of testatrix at the time the will was executed, October 6, 1910, by reason of the fact that the will was not executed as required by law, of undue influence over testatrix by appellant, and fraud perpetrated by her. On October 16, 1911, Carlos Guerguin, a minor, and Edna Guerguin Hill, joined by her husband, O. A. Hill, children of Leopold Guerguin, intervened in the contest, adopting the pleadings of Annie Guerguin. The will was admitted to probate by the County Court, and the cause was appealed to the District Court. Prior to that time Annie Guerguin, as next friend of Leopold Guerguin, had filed two suits against appellant, one to set aside a deed executed by Charles Guerguin and Manuela Morales Guerguin, parents of Leopold Guerguin and appellant, in which they had conveyed to appellant all the property they owned, as well as certain lots belonging to Leopold Guerguin; the other suit being to recover certain jewelry and other personal property. When the will contest reached the District Court, the three suits were consolidated by agreement. Edna Hill, joined by her husband, for herself and her minor brother, Carlos Guerguin, filed an amended pleading in which it was alleged that Leopold Guerguin had died pending the suit and that Edna Hill and Carlos Guerguin were his surviving children and only heirs at law; that Charles Guergin, the father of Leopold, died on May 11, 1911, and Manuela Morales Guerguin, his wife, and mother of Leopold Guerguin, died on April 30, 1911, and that they at the time of their death owned the property in controversy, situated in San Antonio, and 237,135 acres of land in Mexico. It was alleged that on or about October 6, 1910, Adeline Guerguin Holt, her husband, D. T. Holt, J. G. Griner, and W. L. Frame entered into a conspiracy to deprive Leopold Guerguin, their insane father, of his share of his parents' estate, and in pursuance of the conspiracy caused Manuela Morales Guerguin to execute the document purporting to be her last will and testament, whereby all the property of the estate was bequeathed to Adeline Guerguin Holt; that at said time the purported testatrix was of unsound mind, without capacity to understand the effect of the instrument she was executing, and the property she was devising, or her relation to her son; that the property sought to be devised was of the probable value of $500,000; that Manuela Morales Guerguin at the time was about seventy-five years of age, and was mentally and physically weak

and infirm, and was a bedridden invalid and paralytic, and executed the will under the influence and by the fraud and trickery of the conspirators named; that Charles Guerguin was weak physically and mentally, and helpless and infirm, and that he and his wife, Manuela, were under the control, custody and influence of appellant and wholly unable to exercise their own will. It was further alleged that on the day succeeding the execution of the will by Manuela Morales Guerguin, she and her husband, Charles Guerguin, were induced through the fraud, trickery and undue influence of the conspirators to execute a deed to the whole of their property, real and personal, to appellant; that Charles Guerguin, at the time, was nearly ninety years old, was blind and nearly completely deaf; that he and his wife were rapidly approaching dissolution, were suffering from Bright's disease and hardening of the arteries, and in a condition of senility that rendered them incapable of understanding the nature of the transactions into which they were led by the conspirators. It was also alleged that the deed was concealed until after the death of Charles and Manuela Guerguin. Each and every allegation of the petition was specially traversed by appellant. The cause was tried by jury, on special issues submitted by the court, and, on the answers thereto, judgment was rendered annulling the will of Manuela Morales Guerguin, cancelling the deed made by Charles Guerguin and Manuela Morales Guerguin to appellant, dated October 7, 1910, cancelling a deed made by Manuela Morales Guerguin and Carlos Guerguin to appellant, that appellees recover from appellant lots 4, 5 and 6, block 8, new city block 972, in San Antonio, Texas, being the homestead of Mrs. Annie Guerguin and appellees, that appellees recover one-half the property of the estate, in Texas and Mexico, that they recover $835, being the value of certain personal property, and that they recover from appellant $10,476.54, with interest. Commissioners were appointed to appraise the real property which was undivided, and apportion appellant a one-half interest in the same, and that the other moiety be apportioned, one-half of it to Edna Hill and the other half to Carlos Guerguin."

The decree of the District Court annulled a deed made by Charles Guerguin and his wife, Manuela Morales Guerguin, conveying all of their property to Adeline Holt, their daughter, which included 175,000 acres of land situated in Coahuila, Republic of Mexico, because of fraud and undue influence. The parties were all within the jurisdiction of the court, the grantors being dead. No order was made requiring the grantee in the deed to reconvey, and no reconveyance was made.

The first question is, did the District Court in Texas have the power to annul the deed so far as it conveyed land in Mexico where the land was situated? We are of opinion that so far as the decree in this case sets aside and annuls the deed to the land in the Republic of Mexico it is void, because the District Court had not jurisdiction of the subject matter; the court of Texas could not acquire jurisdiction of land beyond its borders. Authorities: Fryer v. Myers, 13 S. W., 1025; Morris v.

Hand, 70 Texas, 481, 8 S. W., 210; Wallace v. Campbell, 53 Texas, 229; Moseby v. Burrow and Wife, 52 Texas, 396; Paschal and Wife v. Acklin, 27 Texas, 174; Cooley v. Scarlett, 38 Ill., 386, 87 Am. Dec., 298; Carpenter v. Strange, 141 U. S., 87.

In the last case cited above the court said: "The real estate was situated in Tennessee and governed by the law of its situs, and while by means of its power over the person of a party a court of equity may in a proper case compel him to act in relation to property not within its jurisdiction, its decree does not operate directly upon the property nor affect the title, but is made effectual through the coercion of the defendant, as, for instance, by directing a deed to be executed or canceled by or on behalf of the party. The court 'has no inherent power, by the mere force of its decree, to annul a deed, or to establish a title.' Hart v. Sansom, 110 U. S., 151, 155.

"Hence, although in cases of trust, of contract, and of fraud, the jurisdiction of a court of chancery may be sustained over the person, notwithstanding lands not within the jurisdiction may be affected by the decree (Massie v. Watts, 6 Cranch., 148), yet it does not follow that such a decree is in itself necessarily binding upon the courts of the State where the land is situated. To declare the deed to Mrs. Strange null and void, in virtue alone of the decree in New York, would be to attribute to that decree the force and effect of a judgment in rem by a court having no jurisdiction over the res."

The District Court at San Antonio also appointed commissioners and directed them to partition the land between the plaintiffs and defendants. That portion of the decree is likewise void because the courts of this State have no power or authority over land in Mexico. Wimer v. Wimer, 82 Va., 890, 3 Am. St., 126, 5 S. E., 536. It would be useless to add authorities when there is no conflict. As shown by the cases cited above, this court has from the beginning denied to courts of other States and countries the power to adjudicate the title to land lying in this State, and we can not consistently hold that our courts can exercise that authority over lands situated in other jurisdictions, but must observe the same rule that we demand to be observed by others.

What we have said disposes of the matter presented by the eighteenth assignment of error, therefore it is unnecessary to review the refusal of the Court of Civil Appeals to consider it. The error was fundamental and apparent of record, therefore the form of the assignment is unimportant in this court.

Plaintiffs filed interrogatories to two witnesses, Mexicans, and procured a commission to take their answers, which Mrs. Guerguin, one of the plaintiffs, delivered to a notary public, and procured the attendance of the witnesses, paying the fees and expenses, and Mrs. Guerguin was present at the time the notary took the answers of the witness, at one time correcting one of the witnesses in the answer, but it does not appear that the answer was changed by such interference. At the trial both witnesses were in the courtroom, and defendants moved the court to quash the deposition for the reasons stated above, or to require plaintiffs

to put the witnesses on the stand, which motion was overruled. The action of the court is assigned in this court as error. The facts do not show any violation or disregard of the law in taking or returning the deposition, therefore there was no reversible error in refusing to quash the deposition. It was a matter committed to the discretion of the trial judge to require the witnesses present to be placed on the stand. No abuse of the discretion is shown, and this court will not review the action of the judge in the exercise of his discretion. Schmick v. Noel, 64 Texas, 406; O'Connor v. Andrews, 81 Texas, 28.

The declaration by Holt to Nelson as to what Charles Guerguin meant by remarks made to Holt concerning the preparation of some papers was properly excluded, it was not admissible as *res gestae,* but was Holt's interpretation of the language of Guerguin. It is at least a novel proposition, that the declarations of one party may be introduced to prove what was in the mind of the other party when making a statement concerning a pending transaction. The declaration of Guerguin might be admitted to interpret his own acts, but by what rule are the declarations of Holt admissible for that purpose? It is made a ground of complaint that Mrs. Holt was charged with an insurance policy, but the statement does not show that injustice was done or any rule of law violated, and we must presume that the action of the court was correct.

It is ordered that the judgment rendered by the District Court be vacated in so far as it annuls a deed executed by Manuela Morales Guerguin conveying to Adeline Holt lands situated in the State of Coahuila, Mexico, and that so much of said judgment as directs the partition of said land in Mexico be also vacated, and as to said deed and said land the cause be dismissed, but as to all other matters adjudicated therein the said judgment is hereby affirmed.

It is further ordered that the costs of the Court of Civil Appeals and of this court be paid by defendants in error, and the plaintiff in error pay the costs of the District Court.

*Reversed and dismissed in part, and in part affirmed.*