**HALL v. JONES et al.**

No. 8899.

Court of Civil Appeals of Texas. San Antonio.

Nov. 23, 1932.

H. B. Galbraith and B. N. Goodrich, both of Brownsville, for plaintiff in error.

Davenport, West & Ransome and C. K. Richards, all of Brownsville, for defendants in error.

SMITH, J.

The land in controversy was owned by W. J. E. Harper, who undertook to convey it, by defective deed, to Leander Hall, on June 10, 1924.

On October 8, 1924, J. P. Jones brought suit in Cameron county against Harper for debt and attached said land afterwards, on February 11, 1925, obtaining judgment for foreclosure of the attachment lien. Jones bought in the property at the ensuing execution sale, on April 7, 1925, and assumed dominion thereover.

Four and one-half years later, on October 8, 1929, Hall brought suit against Jones in Grady county, Okl., for rents alleged to have been wrongfully collected by Jones from tenants of the land in controversy. In that suit Hall based his right to the rents upon the said deed from Harper to him of June 10, 1924, which deed he attached to his pleadings, making it a part thereof. As stated in plaintiff in error's brief: "Jones answered claiming title by virtue of Sheriff's deed of April 27th, 1925, and in his answer brought a cross action against Hall claiming damages by reason of alleged fraud between Hall and his predecessor in title, W. J. E. Harper. Hall answered the cross action alleging that the Sheriff's deed was invalid and inoperative as the attachment was not levied on the land in controversy until several months after Harper had conveyed the same to Hall by the deed of June 10, 1924. On October 22, 1929, the Oklahoma Court rendered judgment for Jones and against Hall, holding that said Harper-Hall deed dated June 10th, 1924, was not operative against Jones."

Subsequently Hall brought the present suit in Cameron county against Jones, in the form of an action in trespass to try title, to recover said land, basing his claim upon the deed from Harper. By giving effect to the decree of the Oklahoma court, in which that deed was held to be void, the court below denied recovery to Hall, who has appealed.

The appeal is controlled by the proposition that the courts of Texas are bound by the decree of the Oklahoma court that the deed from Harper to Hall was void and inoperative to convey title to the land in controversy. We have concluded that the weight of authority affirms that proposition.

The fact must be kept steadily in mind that the Oklahoma judgment did not purport either to divest or invest the title to the property. It did not preclude or purport to preclude plaintiff in error from presenting and enforcing any other evidence of title to this property. It simply adjudicated the deed in question to be insufficient to pass title to the property involved.

It is elemental that the courts of one state have no authority or jurisdiction to determine a naked question of title to real property situated in another state, or to divest or invest the title.

But it seems to be equally well settled that the courts of one state may exercise jurisdiction, when affirmatively invoked or acquiesced in, to determine the validity or effect of a deed of conveyance of real property situated in another state so as to bind the parties to such decree, which, operating directly upon them personally, prohibits them from disputing it in another state. Freeman on Judgments (4th Ed.) §§ 564, et seq.; Id. (5th Ed.) § 1384 et seq.; Wharton, Conflict of Laws (3d Ed.) § 289a; 15 R. C. L. p. 911; 34 C. J. p. 1135 et seq., §§ 1610, 1611; Massie v. Watts, 6 Cranch, 148, 160, 3 L. Ed. 181; McCune v. Goodwillie, 204 Mo. 306, 102 S. W. 997; Steele v. Bryant, 132 Ky. 569, 116 S. W. 755; Kinder v. Scharff, 125 La. 594, 51 So. 654; Sullivan v. Kenney, 148 Iowa, 361, 126 N. W. 349.

In Massie v. Watts, supra, Chief Justice Marshall, after an exhaustive review of the authorities upon this subject, stated the rule to be "That, in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.".

Defendants in error cite these additional authorities: Lewis v. Darling, 16 How. 1, 14 L. Ed. 819; Smith v. Davis, 90 Cal. 25, 27 P. 26, 25 Am. St. Rep. 92; Sturdevant v. Pike, 1 Ind. 277; MacGregor v. MacGregor, 9 Iowa, 65; Putnam v. Conner, 144 La. 231,

'80 So. 265; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Muller v. Dows, 94 U. S. 444, 24 L. Ed. 209; Mallette v. Scheerer, 164 Wis. 415, 160 N. W. 182; Matson v. Matson, 186 Iowa, 607, 173 N. W. 127.

The case made here is within the rule announced. Plaintiff in error himself selected the Oklahoma forum for the adjudication of the question of the validity of the deed upon which he afterwards relied in this suit. He presented that instrument to the Oklahoma court as evidence of his title to the land in dispute and of his right to the rents and revenues derived from said land. He affirmatively invoked the judgment of that court upon the sufficiency of that deed to show title to the property, and that court, in the exercise of the jurisdiction thus invoked, held the deed void. Under the authorities cited plaintiff in error is bound by that decree, and is estopped to dispute its effect in any other court. The decision there was res adjudicata of that subject.

The judgment is affirmed.