Adeline Marguerite KAHERL, Appellant,

v.

Elwood Franklin KAHERL, Appellee.

No. 16005.

Court of Civil Appeals of Texas.

Dallas.

May 18, 1962.

Maurice Amidei, Fort Worth, for appellant.

A. Foy Curry, Jr., and A. F. Curry III, Fort Worth, for appellee.

YOUNG, Justice.

This is an action for divorce filed by Elwood Franklin Kaherl against Adeline Marguerite Kaherl on grounds of statutory cruelty, also for division of community property. On the non-jury trial of May 29, 1961 a judgment of divorce was granted to Kaherl after a contest, decreeing that real estate located at Round Lake, Illinois, was community property and to be held by the parties as tenants in common; awarding Adeline Kaherl a judgment of $250 against appellee as attorney's fees and taxing cost of suit against her. The judgment so rendered has been duly appealed.

Of the eleven grounds of appeal, appellant asserts in point No. 6 the insufficiency

of evidence to establish cruel treatment as a basis for divorce; and we will first outline the testimony adduced from the parties on that issue.

Elwood Kaherl testified to living in Texas since 1959, this having continuously been his home, living in Dallas County for more than six months before filing of petition for divorce; that he married defendant on March 5, 1949, separating from her January 31, 1961. He was employed by Railway Express Company as traveling investigator, doing undercover work; that defendant was always threatening him, and on several occasions she had threatened to kill him; that the home was not well kept, they having constant arguments about it. That defendant had gotten acquainted with a lady who belonged to an "over 30" dance club, going out often with her; on one occasion defendant mentioning that "she and this lady friend had gone out to a smorgasbord for dinner and two fellows asking for a ride and they gave them a ride and they went to some private club at the Statler Hotel"; that he had talked with her before the separation in an effort to "get her to straighten up" and make a home for him, she doing alright for a time and then it would be "the same thing again". Then when defendant told him about going out with a man, "that was the last straw"; that they had no real property except a home at Round Lake, Illinois, a suburb of Chicago. On cross-examination by defense counsel, Kaherl testified that he had resigned from his job with Railway Express on January 19, 1961, not so advising defendant but leading her to believe that he was being transferred back to Chicago, his former place of employment, the couple leaving Dallas on January 30, arriving in Chicago the next day when he separated from her, going to a hotel, mailing her a letter of final separation (later placed in evidence by defendant). He further stated that he had given defendant a birthday present on January 16, 1961, separating from her on January 31st and *that they had*

*cohabitated as husband and wife up until that time.*

Defendant, Mrs. Kaherl, testified to their living together harmoniously in Dallas, denying all charges made by plaintiff—no threats or misconduct on her part; that he had told her earlier in January of his transfer to Chicago; and on January 30th, 1961 he took her there; she not knowing of his resignation from the Railway Express Company until the letter written by him on January 31 as follows: "Adeline: By the time you receive this will be some distance from Chicago so guess it will be somewhat of a surprise to you. Well here is the whole story did resign from the R E A Express January 19, 1961 by letter to Chicago. There is no sense to continue this pretending on my part regards to our being married to each other as for the past 11 years that is just what it has been for me just pretending. This will no doubt be a shock to you and every one else but the sooner you realize it is true the better off you will be. You will think there is another person involved well that is a mistake as have just had all the married life that ever want. So please do not attempt to contact me as it will not change a thing and will only be wasting your time. Do not think am sick or off my rocker as never did feel better in my life. Will in the future contact you in regards to the house at Round Lake. As stated attempting to contact me is useless as no one will force us to life together again it just can not be done, therefore may as well except (sic) this letter and any other correspondence you may receive and forget about it all. /s/ Elwood Kaherl". She related that on January 16th, 1961 he had bought her a necklace and earrings, embracing her, saying that she had been a wonderful wife; and that up until the date of separation *they had continued to cohabit and have relations as husband and wife.*

Points one and two are directed to insufficiency of allegations concerning inhabitancy and residence of plaintiff. Art.

4631, Vernon's Ann.Civ.St. providing that "no suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding filing of same." Appellee's amended petition manifestly did not follow above statutory wording, appellant pointing to several deficiencies in special exceptions. They do not appear to have been brought to the attention of the trial court and hence must be considered as waived. Rule 90, Texas Rules of Civil Procedure. Allegations of residence of the parties are not jurisdictional, however, Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; but constitute qualifications upon the right of plaintiff to maintain the suit for divorce. Goforth v. Goforth, Tex.Civ.App., 335 S.W.2d 281. While the statute by its terms does not require its language to be exactly followed, Martinez v. Martinez, Tex.Civ.App., 343 S.W.2d 734, the failure to do so by a litigant can hardly be excused. And the facts of residence must be proven on a trial to the merits before a court can entertain the action. 20 Tex.Jur.2d p. 405. The necessary proof of residence is here shown by testimony of the parties and it may be that the allegations made by appellee are also sufficient, but the matter need not be further labored. For condonation has here been established as a matter of law; Kaherl having admittedly cohabited with appellant as husband and wife until the date of their separation. * * * "or continuing to cohabit without interruption, with full knowledge of all misconduct charged, constituted condonation thereof and precludes setting up of the misconduct as a ground for divorce." 20 Tex.Jur.2d § 55, p. 399; Bippus v. Bippus, Tex.Civ.App., 246 S.W.2d 502. Appellant first pled this defense in second amended original answer on date of trial, allegedly "after having obtained leave of court"; and while appellee in answering brief states "the trial court refused to allow the same to be filed", the record does not indicate any such adverse ruling by Judge Mead. This amended answer and defense must therefore be considered by us as properly in the record. Condonation as a defense has been clearly established by both parties and the judgment of the trial court is accordingly reversed and is here rendered denying the divorce. This conclusion renders unnecessary a consideration of further points of appeal, except point eleven, which is also sustained. Appellant correctly states that: "The trial court had no jurisdiction over the appellee's and appellant's real estate located in Illinois to adjudge that it is community property and that they are to hold it as tenants in common. Moor v. Moor, Tex.Civ.App., 255 S.W. 231 (235) (Tex.Civ.App.1900). It is possible that Illinois does not recognize our community property laws or tenancies in common. The law of the situs controls as to land."

Reversed and rendered.