Louise Orr ESTABROOK, Appellant,

v.

Watson W. WISE, Appellee.

No. 750.

Court of Civil Appeals of Texas, Tyler.

Feb. 14, 1974.

Rehearing Denied March 7, 1974.

Johnson, Hathaway & Jackson, Thomas W. Hathaway, Tyler, for appellant.

Ramey, Flock, Hutchins, Grainger & Jeffus, Jack W. Flock, Mike A. Hatchell, Tyler, for appellee.

McKAY, Justice.

Appellant (plaintiff below) brought suit against appellee alleging that there were certain mineral interests in the States of Alabama and Florida which were acquired during their marriage, but such mineral properties were not known to her nor disclosed by defendant in his inventory and, therefore, were not divided by the court or the parties in their 1965 divorce judgment and property settlement. Plaintiff prayed for the court to exercise its equitable in personam jurisdiction over defendant to require him to execute such deed and conveyances as necessary to vest title in her to her one-half interest in the property in question. The trial court sustained defendant's plea to the jurisdiction over the subject matter and dismissed plaintiff's petition and cause of action. The sole question on this appeal is whether the trial court had jurisdiction to grant the relief prayed for by appellant. We hold that it did and accordingly reverse and remand.

Appellant and appellee were married in 1930. They were divorced May 25, 1965, by a decree of the Court of Domestic Relations, Smith County, Texas, and both parties resided in Tyler, Texas, at that time. A sworn detailed inventory, which appellee represented to be a complete inventory of all property in his possession or under his control, whether community or separate, was filed in the divorce case. The Alabama and Florida mineral interests were not listed in the inventory. Appellant alleges she learned of the existence of the Alabama and Florida mineral interests by persons contacting her in March, 1972, seeking to purchase oil and gas leases for development. The interests were acquired by appellee in 1944 and 1945, and appellant and appellee were husband and wife at·that time.

Appellant's one point complains that the trial court erred in dismissing her petition and cause of action without prejudice for want of jurisdiction over the subject matter. Appellant concedes at the outset that Texas courts do not have subject matter jurisdiction over the determination of title to lands in other states; but plaintiff seeks a finding by the trial court that such property was, in fact, community property and a judgment in personam, ordering defendant to convey to her her rightful interest in the properties which are outside the State of Texas. Appellee contends the district court was without power and jurisdiction to determine title to lands in foreign jurisdictions, which issue is, he maintains, the real issue in the case.

The divorce decree of 1965 was binding only on such property as was brought before it for adjudication or for approval of a property settlement agreement, and if property was omitted from such consideration, subsequent litigation to adjudicate the property rights of the parties would be permitted. 3 Speer's Marital Rights in Texas, sec. 889.

It is a generally recognized rule that real property is exclusively subject to the laws of the country or state where it is situated, and that all matters concerning the title and disposition of real property are determined by the law of the situs of the property. 16 Am.Jur.2d, Conflict of Laws, sec. 14, p. 29; 15 Tex.Jur.2d, Courts, sec. 61, p. 490.

In an early case our Supreme Court in Moseby v. Burrow, 52 Tex. 396 (1880), wrote in a receivership case:

"It is also a well-established general rule, founded upon reasons of public pol-

icy, that the courts of one State or country cannot make a decree ordering the conveyance of land situated in another, which will be recognized as valid binding by the courts of that other."

A few years later the same court held in Morris v. Hand, 70 Tex. 481, 8 S.W. 210 (1888):

"* * * But it is settled without conflict of authority that courts of one state or country have no authority under any circumstances to divest the title to real estate situated in a foreign state or country, or to direct the sale of such land to be made by any one occupying a fiduciary capacity; the extent of the power in such cases being to decree that the person invested with the title make conveyance of it, which may be enforced by personal process against the owner. *But the decree is not effectual unless the owner of the land in person executes a conveyance to it."* (Emphasis added.)

Two years later the Supreme Court in Fryer v. Meyers, 13 S.W. 1025 (Tex.Sup., 1890) quoted with approval the above quote from Morris v. Hand, supra, and cited Moseby v. Burrow, supra, as authority.

In 1894, the court in Texas & Pacific Ry. Co. v. Gay, 86 Tex. 571, 26 S.W. 599 (Tex.Sup.) cited Moseby v. Burrow, supra, and quoted with approval from Morris v. Hand, supra. In its opinion in *Gay,* the court said at page 605:

"Where the subject-matter is situated within another state or country, but the parties are within the jurisdiction of the court, any suit may be maintained, and remedy granted, which directly affect and operate upon the person of the defendant, and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or to refrain from certain acts toward it, and it is thus ultimately, but indirectly, affected by the relief granted. * * * On the other hand, when the suit is strictly local, the sub-ject-matter is specific property, and the relief, when granted, is such that it must act directly upon the subject-matter, and not upon the persons of the defendant, the jurisdiction must be exercised in the state where the subject-matter is situated."

In Holt v. Guerguin, 106 Tex. 185, 163 S.W. 10 (Tex.Sup.1914) the court held that a Texas court did not have the power to annul a deed or to partition land situated in Mexico, and quoted from Carpenter v. Strange, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640 as follows:

" 'The real estate was situated in Tennessee and governed by the law of its situs, and, while by means of its power over the person of a party a court of equity may in a proper case compel him to act in relation to property not within its jurisdiction, its decree does not operate directly upon the property nor affect the title, but is made effectual through the coercion of the defendant, as, for instance, by directing a deed to be executed or canceled by or on behalf of the party.' "

In Fain v. Fain, 6 S.W.2d 403 (Tex.Civ. App.—Galveston, 1928, writ dism'd) the court quoted with approval on page 407 our quote, supra, from Texas & Pacific Rwy Co. v. Gay.

In Hall v. Jones, 54 S.W.2d 835 (Tex. Civ.App.—San Antonio, 1932, no writ) is found this language:

"It is elemental that the courts of one state have no authority or jurisdiction to determine a naked question of title to real property situated in another state, or to divest or invest the title.

"But it seems to be equally well settled that the courts of one state may exercise jurisdiction, when affirmatively invoked or acquiesced in, to determine the validity or effect of a deed of conveyance of real property situated in another state so as to bind the parties to such decree, which operating directly upon them per-

sonally, prohibits them from disputing it in another state."

Appellant cites and quotes from *Fain*, and also cites, quotes from and relies on McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722 (Tex.Sup.1961). The opinions in *McElreath* cover thirty pages in the reporter, and it was a five to four decision to the effect that an equitable in personam judgment by an Oklahoma Court to require a husband to deed his separate lands in Texas to his wife as a part of her alimony awarded to her in a divorce suit would be enforced by the Texas courts under the doctrine of comity, where the husband was in Texas, and that such decision was not against the public policy of Texas. The *McElreath* majority opinion at one point (p. 733) says:

"Our holding therefore is that as a matter of comity we will enforce the equitable decrees of a sister state affecting Texas land so long as such enforcement does not contravene an established public policy in this State."

The decision in *McElreath* is not directly in point with the case at bar, but on some of its many pages the opinion spills over with dicta onto our question. It quotes from Justice McKenna's opinion in Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909), part of which we quote:

" * * * (W)hen the subject-matter of a suit in a court of equity is within another State or country, but the parties within the jurisdiction of the court, the suit may be maintained and remedies granted which may directly affect and operate upon the person of the defendant and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or refrain from certain acts toward it, and it is thus ultimately but *indirectly* affected by the relief granted. In such case the decree is not of itself legal title, nor does it transfer the legal title. It must be executed by the party, and obedience is compelled by proceed-ings in the nature of contempt, attachment or sequestration." (Emphasis theirs.)

Appellant also cites Simmons v. Superior Court, 214 P.2d 844 (Dist.Ct. of Appeal, Cal.1950) wherein that court said "Under the law of Texas the court also has power by decree to compel a party of which it has jurisdiction to execute a conveyance of real property situate in another state," and cites *Gay, Fain* and Baughan v. Goodwin, 162 S.W.2d 732 (Tex.Civ.App.—Galveston, 1942, error ref'd, w. o. m.). The Baughan case quotes with approval the same language we quote from Hall v. Jones, supra. See also Allis v. Allis, 378 F.2d 721 (5th Cir. 1967).

Appellee argues that appellant's pleadings make resolution of the title to foreign realty the principal issue in the case, and all other relief sought is predicated upon the determination of that issue. Appellee says that essentially the allegations of appellant's petition are: (1) that certain real property (mineral interests) was acquired with community funds of the parties during the existence of their marriage; (2) that such property was not listed in the property settlement agreement executed by the parties in their divorce, and, therefore, was not divided as part of the divorce decree; (3) that, as appellee's community partner, appellant was a beneficial owner of at least one-half the mineral properties at issue for which arose a resulting trust in her favor at the time or purchase; (4) that, as the beneficiary of the resulting trust, appellant was entitled to a conveyance of one-half interest in the mineral properties; and (5) that appellee should be compelled to make a conveyance to appellant of an one-half interest in those minerals, and that, therefore, the real issue is one of title to the mineral interests involved.

█ As a general rule jurisdiction is determined by the facts alleged in the petition. Hilley v. Hilley, 305 S.W.2d 204 (Tex.Civ.App.—Waco, 1957, writ ref'd, n.

r. e.). Jurisdiction over the subject matter of an action, as a rule, is determined by the allegations of the petition considered in the light of the power to hear and determine conferred by the State upon the court in question. Nymon v. Eggert, 154 S.W.2d 157 (Tex.Civ.App.—El Paso, 1941, no writ).

■ Appellee cites Moor v. Moor, 255 S.W. 231 (Tex.Civ.App.—San Antonio, 1900, no writ) and Kaherl v. Kaherl, 357 S.W.2d 622 (Tex.Civ.App.—Dallas, 1962, no writ) for authority that Texas courts cannot decree partition of lands outside Texas borders. We do not disagree with these cases to the effect that a Texas court does not have power or jurisdiction to render a judgment or decree which acts directly upon the title to real property situated in another state. If *Moor* and *Kaherl* are interpreted to mean that a Texas court with jurisdiction of the parties cannot determine the rights and equities of such parties, even as related to realty in other states, and then enforce its equitable in personam powers to require a conveyance, if necessary, to carry out its decree, then we disagree with such interpretation.

We believe Carmichael v. Delta Drilling Co., 243 S.W.2d 458 (Tex.Civ.App.—Texarkana, 1951, writ ref'd) may be distinguished from the instant case. It was a suit for a one-fourth interest in an oil and gas lease covering land in Indiana based upon an oral contract. The court held that it was a title question which could not be resolved by specific performance ordered by a Texas court and, therefore, was a matter for Indiana courts. It is also our opinion that Adams v. Adams, 214 S.W.2d 856 (Tex.Civ.App.—Waco, writ ref'd, n. r. e.) may be distinguished from the case at bar.

It has been held that if a divorce decree fails to accomplish the disposition of the property rights of the parties, then the parties remain owners of the property as tenants in common. Busby v. Busby, 457 S.

W.2d 551 (Tex.Sup.1970); Thompson v. Thompson 500 S.W.2d 203 (Tex.Civ.App.—Dallas, 1973, no writ). The fact question involved here appears to be whether Alabama and Florida mineral interests were purchased with community funds. In effect, appellant alleges appellee perpetrated a fraud upon her by using community funds in buying these interests.

We quote from 1 McDonald, Texas Civil Practice, Sections 1.07.2 and 1.07.3, pages 35, 36:

"Actions wherein the plaintiff seeks a decree directly affecting the title to realty located within the state, or otherwise directly operating upon the property itself, must be brought in the state or country of the lands situs. Each sovereignty has exclusive jurisdiction of real property located within its boundaries and, within the limits of due process, may set the procedure whereby title thereto may be directly affected. The Texas courts lack subject matter jurisdiction of such actions when the land is located in another state or country; and the courts of other states and countries reciprocally are without power to affect directly the title to lands in Texas. * * *

"Where the parties are personally before the court, and the plaintiff seeks relief of an equitable nature, the court has jurisdiction to act, though its decree indirectly may affect the rights of the parties in property located outside the state. The reluctance of a court to act in such cases is a disability self-imposed as a matter of policy. The Texas courts will grant such relief within relatively narrow limits, usually where the decree sought is prohibitory, or where affirmative conduct to be compelled will be taken within the state and it would be 'highly unreasonable' for the court to refuse to act. * * *"

The court in Durham v. Scrivener, 259 S.W. 606 (Tex.Civ.App.—Austin, 1923, af-

firmed 270 S.W. 161) quotes Chief Justice Marshall:

"\* \* \* this court is of opinion that, in cause of fraud, of trust, or contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree."

■ We hold this to be an equitable suit in personam and not a suit in rem; therefore, the district court has jurisdiction. The nature of the action here is one which would directly affect and operate upon the person of the appellee, and not upon the subject matter, even though the subject matter is referred to in the judgment and the appellee would be ordered to do certain acts which indirectly affect it. Texas & Pacific Ry. Co. v. Gay, supra.

The authorities in other jurisdictions seem to support our view. Numerous citations from other States follow this language from 34 A.L.R.3d 962, at p. 975, Sec. 4(a):

"On the basis of the principle that a court of equity, acting pursuant to its personal jurisdiction over a party, may order the party to perform such acts as executing conveyances or releases with respect to out-of-state real property and may compel compliance with the order by such means as contempt proceedings or attachment, it has been generally held that a divorce court in one state has the power indirectly to affect real property in another state by means of an in personam decree operating upon a party over whom the court has jurisdiction."

Judgment of the trial court is reversed and the cause remanded.

DUNAGAN, Chief Justice (dissenting).

I find myself in disagreement with my brethren as to the proper disposition of this appeal.

In my opinion the real issue in this case is one of title to the mineral interests involved. Under the pleadings, the decretal portions of any judgment entered herein, of necessity, would have to resolve the title question.

The appellant is not seeking a judgment merely adjudicating the character of the property, i. e., whether the minerals are community property of the parties or the separate property of the appellee, as he claims, but is seeking an order or judgment requiring "the appellee to execute any and all deeds or other conveyances necessary to vest title in her to an undivided one-half interest in and to all of the undivided mineral interests \* \* \*."

Even though the pleadings ask for personal relief against appellee (i. e., that he be required to convey one-half the mineral to appellant), nevertheless, any such personal decrees spring from and are entirely dependent upon a *prior* resolution of the title question. That is, appellant would not be entitled to the conveyance prayed for absent a favorable resolution of the title issue in her favor. There is no escape, therefore, from the conclusion that, in order to give appellant the full relief prayed for, this case requires the determination of title to foreign realty.

It is true that our local courts, when they have jurisdiction of the parties, under certain circumstances, may compel one party to convey foreign realty to another. Holt v. Guerguin, 106 Tex. 185, 163 S.W. 10, 12 (1914). However, the mere fact that a suit which, in the first instance, involves a determination of title to foreign realty, also includes a plea for personal conveyance upon resolution of the title issue does not, *ipso facto,* convert the suit into an *in personam* one over which the local court has jurisdiction. To determine whether a suit is *in rem* or strictly *in personam*, a critical inquiry is whether or not the suit seeks to create a right in property or merely to enforce it. If the in personam relief sought depends upon the creation of certain rights in real property, the suit is essentially an in rem proceeding.

**254**

Likewise, the mere fact that appellant-plaintiff here alleges an equitable title and seeks to enforce it via a personal decree does not mitigate the fact that the asserted right to equitable title and to a conveyance thereon depend upon an initial and prior resolution of the title question; appellant has no equitable title and has no right to a conveyance absent resolution of the title question in her favor—an issue which the trial court is without jurisdiction to resolve.

With the appellee claiming to be the owner and holder of the title to the entire mineral interests here involved, he should not be subjected to an order or judgment of a court in Texas divesting him of title to one-half of said minerals, which are situated outside the territorial limits of this state, and vesting title in appellant, until an adjudication is had determining the ownership of title thereto. This can only be done in a court of competent jurisdiction in the States of Florida and Alabama, the situs of the property.

It appears to me that the ultimate effect of the majority decision is, in fact, a determination of title to real property situated outside the territorial limits of the State of Texas. A Texas court has no jurisdiction to adjudicate the title to lands located in another state. Holt v. Guerguin, supra; Carmichael v. Delta Drilling Co., 243 S.W. 2d 458, 460 (Tex.Civ.App., Texarkana, 1951, writ ref.); Moseby v. Burrow, 52 Tex. 396 (1880).

The majority decision, in my opinion, is contrary to the principles of law enunciated in Moseby v. Burrow, supra; Holt v. Guerguin, supra; Boman v. Gibbs, 443 S. W.2d 267 (Tex.Civ.App., Amarillo, 1969, writ ref., n. r. e.); Moor v. Moor, 255 S. W. 231 (Tex.Civ.App., San Antonio, 1900, writ of error denied); Adams v. Adams, 214 S.W.2d 856 (Tex.Civ.App., Waco, 1948, writ ref., n. r. e.); Carmichael v. Delta Drilling Co., supra.

I would affirm the trial court's judgment.