**YOUREE v. PIRES et al. (No. 629.)**

Court of Civil Appeals of Texas. Waco. March 8, 1928.

Rehearing Denied April 19, 1928.

1. Wills &#9097;420—Paragraph of will devising property in another state, when probated, became muniment of title.

Paragraph of will devising property located in another state, when probated, became muniment of title or right of devisee to property as effectually as if it had been in form of deed containing same provisions executed by testator during his lifetime.

2. Courts &#9097;18—Court had no jurisdiction to annul paragraph of will devising land in Louisiana, since effect was to adjudicate title to lands in another state.

Court *held,* without jurisdiction to annul paragraph of will devising land in Louisiana, since effect was to adjudicate title to lands in another state, and courts of Texas cannot acquire jurisdiction of land beyond its borders, and have no right to cancel deeds, leases, or other muniments of title to land in another state.

3. Appeal and error &#9097;672—Rendering decree annulling paragraph of will affecting rights in land in another state was fundamental error.

Court's rendering decree annulling paragraph of will devising land in Louisiana, thus affecting rights in property in another state, was fundamental error, since court had no jurisdiction of subject-matter.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit in county court by E. C. Pires and others against Mrs. Bettie Scott Youree and others. On appeal to the district court, judgment was rendered for plaintiffs, and defendant named appeals. Reversed and remanded, with instructions.

John L. Young, of Dallas, for appellant.

Capps, Cantey, Hanger & Short, of Fort Worth, and Lawther, Pope & Leachman and Wallace & Taylor, all of Dallas, for appellees.

STANFORD, J. Appellees, E. C. Pires, Inez Pires, Laura L. Marques, joined by her husband, Joseph D. Marques, and Elinor F. Freitas, joined by her husband, John D. Freitas, brought this suit in the county court of Dallas county, Tex., against Mrs Bettie Scott Youree and a number of other defendants not necessary to mention, since they were all dismissed from the case. The sole purpose of the suit was to have paragraph 5 of the will of L. A. Pires, deceased, declared invalid. The case was tried in the county court, and appealed to the district court, where it was tried before the court without a jury, and judgment rendered on April 23, 1927, in favor of plaintiffs below, holding that paragraph 5 of the will of L. A. Pires was invalid, void, and of no effect. From said judgment appellant has duly appealed, and presents the record here for review.

By her first proposition appellant says:

"The courts of Texas are without power or jurisdiction to adjudicate title to lands in Louisiana."

In answer to the above proposition, appellees reply:

"While the courts of Texas are without power to adjudicate title to lands in Louisiana, the purpose of this suit was not to adjudicate a land title, its sole purpose being to adjudicate the validity of clause No. 5 of the Pires will, which had been probated in part in Dallas county, Tex."

It will thus be seen, the real issue here involved was, What was the purpose of this suit? Was it to adjudicate title to land in Louisiana, or was its sole purpose to adjudicate the validity of clause 5 of the Pires will, which had been probated in part in Dallas county?

---

&#9097;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] The record discloses: That L. A. Pires died in Dallas county, Tex., on July 3, 1922. That he had lived in Dallas county, Tex., for a number of years. That most of his property was situated in Texas, but that he owned at least a lot and building in Shreveport, La. That L. A. Pires left a will, making bequests of his property in Texas to various beneficiaries. That paragraph 5 of said will undertakes to dispose solely of the real estate in Shreveport, La. Said will was duly probated in the county court of Dallas county, Tex., and, on appeal, was probated in the district court of Dallas county, Tex., and ordered certified to the county court, That by ancillary proceedings said will was duly probated in the district court of Caddo parish, La. Paragraph 5 of said will is as follows:

"My lot and building in Shreveport, Louisiana, I give, devise and bequeath to Mrs. Bettie Scott Youree, in trust with request that after all payments, maintenance, insurance, taxes and care of the property; the funds remaining from the rents and income thereof, shall be used by her in charitable work in Shreveport, Louisiana, as she in her wisdom may determine wise and prudent; she may name her successor in this trust with like power and authority, save and except to name a successor, providing, however, that each succeeding trustee shall be appointed by the judge of a district court in Shreveport, Louisiana, provided further, that in event of the death of said Mrs. Bettie Scott Youree, and her failure to name a successor, a judge of a district court in Shreveport, Louisiana, shall appoint a trustee, with the same power and authority, as bestowed in her, save and except as to naming a successor and provided further, that in the event of the death, resignation of any succeeding trustee, that another trustee shall, in like manner be appointed, and such appointment shall, in like manner, be made from time to time, as necessity arises, to the end that this trust shall be perpetuated."

Appellees, in various allegations, alleged that "said attempted bequest to said Bettie Scott Youree is void because the same purports to create a trust," etc.; that "such purported bequest to defendant, Mrs. Bettie Scott Youree, in trust, constitutes a perpetuity, and is void; that such property is real property, situated in the state of Louisiana," etc. Appellees alleged further that they were the nephews and nieces of said L. A. Pires, deceased, and are the only heirs at law of the said Pires, deceased, and are entitled, under the laws of descent and distribution, to the property attempted to be bequeathed to Mrs. Youree. The judgment recites:

"It is therefore considered by the court that plaintiffs do have and recover judgment against the defendant, Mrs. Bettie Scott Youree, individually and as trustee, * * * nullifying said paragraph of said will, and the bequest attempted to be made and recited therein and the trust sought to be created thereby are hereby declared null and void, and are hereby annulled and held for naught."

As above stated, the will was probated in Dallas county, and by ancillary proceeding was probated in Caddo parish, La., and, by virtue of the provisions of paragraph 5 of said will, Mrs. Youree took charge of said property, and was proceeding to carry out the provisions of the trust conferred upon her by said paragraph. Said paragraph 5 of said will, when probated, became a muniment of the title or right of Mrs. Youree to said property as effectually as if it had been in the form of a deed, containing the same provisions, executed by the testator during his lifetime. It was by virtue of this paragraph of the will as a muniment of right or title, and by it alone, that Mrs. Youree was in possession, and claimed the right to possess and control said property. The sole and only question involved is whether or not paragraph 5 of the will is a valid or invalid disposition of the lot and building in Shreveport, La. If the paragraph is a valid disposition, then Mrs. Youree and her successors are entitled to the possession and control of the property for the purposes set out in the will. If the disposition is invalid, then the appellees, as alleged by them, being the only legal heirs of L. A. Pires, deceased, are entitled to the property. But appellees say this suit was not to adjudicate a land title; its sole purpose being to adjudicate the validity of clause 5 of the Pires will. Said clause disposes of the lot and building in Shreveport, La., by bequeathing same to Mrs. Youree for certain specified purposes, and does not purport to deal with any other property anywhere, or the interest of any one else in said estate. Then why should the courts of this state be called upon to determine the validity of said clause, except for the purpose of determining the validity of the muniment of title or right by which Mrs. Youree is claiming the property. This suit is, in effect, to cancel a muniment of title, and thereby adjudicate title to lands in another state. We think, clearly, the judgment of the trial court annulling paragraph 5 of the will, which bequeathed the property in Louisiana to Mrs. Youree, is void, because the trial court had no jurisdiction of the subject-matter. The courts of Texas cannot acquire jurisdiction of land beyond its borders, and so have no right to cancel deeds, leases, or any other muniments of title to land in another state. Holt v. Guerguin et al., 106 Tex. 185, 163 S. W. 10, 50 L. R. A. (N. S.) 1136; Griner et al. v. Trevino (Tex. Civ. App.) 207 S. W. 947; Waterman v. Charlton et al., 102 Tex. 510, 120 S. W. 171. In the last case above cited, our Supreme Court quoted with approval Wharton, Conflict of Laws, p. 636, § 278, as follows:

"The title to its land is the very subject which every sovereignty maintains the exclusive right to control by its own laws. 'A sovereignty cannot safely permit the title to its land to be determined by a foreign power. Each state has

its fundamental policy as to the tenure of land; a policy wrought up in its history, familiar to its population, incorporated with its institutions, suitable to its soil.' "

In section 289a, Mr. Wharton says further:

"And, first, it may be premised that real property is subject to the exclusive jurisdiction of the courts of the state or country in which it is located. No other courts may properly exercise any jurisdiction over it, and this is as true of courts of equity as of courts of law. Therefore it is beyond the power of a court of one state or country to entertain a suit in rem in respect of land in another, or to render a decree, either in a suit in rem or a suit in personam, which shall, ex proprio vigore, affect the title to real property beyond its territorial jurisdiction."

See, also, 7 R. C. L. 1059, § 97.

[3] It is true the trial court attempted to apply the law of the state of Louisiana in the decision of the question involved, and it is also true the court had jurisdiction of the parties, but, having no jurisdiction of the subject-matter of the suit, the court was without authority to render any decree affecting Mrs. Youree's rights in the property in another state, and such action on the part of the trial court was fundamental error.

We sustain the above assignment, and hereby reverse the judgment and remand said cause, with instructions to the trial court to dismiss same.