**Robert N. REEVES, Appellant,**

v.

**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Appellee.**

No. 05–86–01088–CV.

Court of Appeals of Texas, Dallas.

May 26, 1987.

Lee M. Simpson, Dallas, for appellant.

Leo John Jordan, Robert P. Franke, Dallas, for appellee.

Before ENOCH, C.J., and BISSETT[1] and HUGHES[2], JJ.

ENOCH, Chief Justice.

Appellant Robert N. Reeves appeals the trial court's order compelling him to turn over "all indicia of ownership" to certain realty located in Portugal to a court-appointed receiver. For the reasons given below, we affirm.

Appellee Federal Savings and Loan Insurance Corporation ("FSLIC") sued Reeves in Texas as part of a process to execute on a judgment that FSLIC had obtained against Reeves in Maryland. The trial court appointed a receiver and ordered Reeves to turn over to that receiver "all indicia of ownership in and to real property situated in Villamoura and Loule, Portugal." In his sole point of error, Reeves contends that the trial court lacked jurisdiction to compel him to turn over foreign realty.

Section 31.002(b) of the Texas Civil Practice and Remedies Code permits a court to:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, ...;

\* \* \* \* \* \*

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

The parties do not dispute that the Portugal realty is nonexempt and that, at least to some extent, it is subject to Reeves's control. Accordingly, the trial court acted under the authority of section 31.002(b).

Reeves argues, however, that title to the realty can be determined only according to Portuguese law. He also argues that, in fact, a close corporation (which he and his wife control) is the title record owner of certain realty. Finally, he argues that his mother-in-law, as a beneficial owner, has an undivided one-half interest in a parcel of the realty.

Reeves characterizes the court's action as an adjudication of title to the realty, and concludes that the court lacked jurisdiction to so adjudicate the title. In short, he argues that the proceeding is an in rem proceeding. We conclude, however, that the proceeding was an in personam proceeding, that the trial court made no adjudication of title to the realty, and that the trial court properly ordered Reeves to deliver any indicia of ownership to the receiver.

■ It is clear that Texas law permits a court to compel a person, over whom it has jurisdiction, to turn over realty located outside the State of Texas. *See Miller v. Miller*, 715 S.W.2d 786, 788 (Tex.App.—Austin 1986, writ ref'd n.r.e.) (the determination whether a proceeding is to enforce a personal obligation or whether it is to adjudicate title to foreign realty is critical in determining whether a Texas court has jurisdiction). The Supreme Court of Texas

---

1. The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals Thirteenth District of Texas, at Corpus Christi, sitting by assignment.

2. The Honorable W.A. Hughes, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

**382**

has expressly stated that "a court of equity having jurisdiction over [a] person may compel him to make [a] conveyance [of realty], although the land is in another State." *Texas & Pacific Railway Co. v. Gay*, 86 Tex. 571, 590, 26 S.W. 599, 605 (1894), *aff'd*, 167 U.S. 745, 17 S.Ct. 1000, 42 L.Ed. 1209 (1897) (memorandum). In the instant case, the trial court did not go so far as to compel Reeves to make a conveyance. It merely compelled him to surrender any indicia of ownership.

Reeves's arguments concerning the titled or beneficial owners of the realty are, therefore, irrelevant. Reeves also argues that Portuguese law controls the conveyance of realty in Portugal, and that the requirements of that law have not been met to convey the realty at issue. It may be that the receiver might have to comply with Portuguese law in order to convey successfully the realty to a purchaser, in order to satisfy the judgment. *See McElreath v. McElreath*, 162 Tex. 190, 198, 345 S.W.2d 722, 727 (1961) (enforcing Oklahoma in personam judgment to convey Texas realty in accordance with Texas law). It may take considerable effort, ultimately, to clear and pass title. Yet we need not address those questions today.

██ FSLIC undertook the proceeding merely to enforce an in personam obligation—the Maryland judgment—that Reeves had to FSLIC. It requested the trial court to enforce that obligation. We hold only that the trial court, acting in equity, had jurisdiction over the person of Reeves, and had the authority, by virtue of section 31.002 of the Texas Civil Practices and Remedies Code, to compel Reeves to turn over any muniment of title that he had in his control to the court-appointed receiver. The trial court did nothing more. Accordingly, the trial court had jurisdiction to do what it did. Reeves's point of error is overruled.

The judgment of the trial court is affirmed.