**Opinion issued January 28, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00096-CV

————————————

## LISA MONIQUE OKOH-BROWN, Appellant

## V.

## MARK ALLEN BROWN, Appellee

On Appeal from the 246th District Court
Harris County, Texas
Trial Court Case No. 2009-47145

## MEMORANDUM OPINION

When Lisa Okoh-Brown and Mark Brown divorced in Texas, they agreed that Mark would receive a condominium located in Tampa, Florida as part of the marital property division. Mark defaulted on the condominium's note, and the

bank named Lisa as a defendant in a Florida foreclosure proceeding. Lisa sought to extricate herself from the Florida proceeding by filing a motion to enforce the Texas divorce decree, in which she asked the Texas court to require Mark to procure her dismissal from the foreclosure action and to comply with the divorce decree's indemnification provisions.

The divorce court dismissed the motion for lack of subject-matter jurisdiction. Lisa appeals. In response, Mark moves to dismiss the appeal as moot.[1]

We affirm in part, reverse in part, and remand.

## Background

Two years after the trial court signed an agreed final divorce decree in Harris County, Lisa was served with a complaint naming her as a defendant in a foreclosure action filed in Hillsborough County, Florida. The foreclosure action, instituted by U.S. Bank N.A., concerned the Tampa condominium that Mark had received in the divorce. Lisa hired counsel to appear on her behalf in the Florida suit.

In response to the Florida suit, Lisa also petitioned the Texas divorce court for enforcement of the parties' marital property division agreement, asking that

---

[1] We grant Mark's motion for leave to file an out-of-time response and construe the accompanying brief and affidavit together as a request to dismiss the appeal as moot.

Mark be required to indemnify her as the divorce decree provided. Mark responded to the Florida suit on behalf of Lisa by requesting that she be removed from the suit.

Following a hearing on Lisa's motion to enforce the divorce decree, the Harris County trial court denied relief on the ground that it lacked subject-matter jurisdiction over the Florida real property at issue in the Florida foreclosure action. Lisa challenges that ruling in this appeal.

Mark, in turn, has moved to dismiss this appeal based on later events in the Florida action. Mark avers that in January 2013, he sold the Florida property in a lender-approved short-sale transaction, which resulted in transfer of the property and satisfaction of the remaining deficiency as well as other costs relating to the property.

## Discussion

### *Standard of review*

Whether a court has subject-matter jurisdiction is a question of law, subject to de novo review. *Graber v. Fuqua*, 279 S.W.3d 608, 631 (Tex. 2009); *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

*Jurisdiction and enforcement*

Lisa contends that the trial court erred in denying her motion because she seeks to compel Mark to indemnify her in the foreclosure proceeding pursuant to the parties' divorce decree, and does not seek to interfere with the foreclosure of the Florida property itself.

As part of a divorce decree, "[a] trial court may require parties over whom it has in personam jurisdiction to execute a conveyance of real estate located in another state." *Dankowski v. Dankowski*, 922 S.W.2d 298, 303 (Tex. App.—Fort Worth 1996, writ denied), *quoted in Vats v. Vats*, No. 01-12-00255-CV, 2012 WL 2108672, at *5 (Tex. App.—Houston [1st Dist.] June 7, 2012, no pet.); *see McElreath v. McElreath*, 345 S.W.2d 722, 724 (Tex. 1961) (op. on reh'g)); *see also Griffith v. Griffith*, 341 S.W.3d 43, 57 (Tex. App.—San Antonio 2011, no pet.) (holding that trial court had jurisdiction to divide community property situated in Florida). But a Texas court cannot adjudicate a title to land in another state. *See Holt v. Guerguin*, 163 S.W. 10, 12 (Tex. 1914); *Stark v. Benckenstein*, 156 S.W.3d 112, 119 (Tex. App.—Beaumont 2004, pet. denied). The determination of whether an enforcement of a promise in a decree about land outside Texas hinges on whether the issue involves "a naked question of title." *Hartman v. Sirgo Operating, Inc.*, 863 S.W.2d 764, 766 (Tex. App.—El Paso 1993, writ denied) (citing *Massie v. Watts*, 10 U.S. (6 Cranch) 148 (1810)). If

4

quieting title to property outside Texas is the basis for the suit, then a Texas court lacks jurisdiction to adjudicate the dispute. *See Hartman*, 863 S.W.2d at 766. A court has subject matter jurisdiction, however, when the remedy sought operates on the defendant, and not on the out-of-state property. *Tex. & Pac. Ry. v. Gay*, 26 S.W. 599, 605 (Tex. 1894); *Banco Minero v. Ross*, 172 S.W. 711, 713 (Tex. 1915); *In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 897–98 (Tex. App.—El Paso 2012, orig. proceeding); *Hartman*, 863 S.W.2d at 766.

Section 9.007 of the Texas Family Code also defines some parameters that govern the issues raised in a motion to enforce, in relevant part, as follows:

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce . . . is beyond the power of the divorce court and is unenforceable.

TEX. FAM. CODE ANN. § 9.007(a), (b) (West 2006).

Lisa asked the trial court, among other things, to require Mark to remove her as a defendant in the Florida foreclosure action. The trial court correctly concluded that it lacked subject-matter jurisdiction to determine whether Lisa is a proper defendant in the foreclosure proceeding.

5

Lisa's motion, however, also alleges that Mark has failed to indemnify her for expenses she incurred in connection with the Florida proceeding, and she seeks enforcement of the divorce decree's indemnification provision. That provision requires

> if any claim or action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, act or omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages [defined as including any reasonable loss, cost, expense, penalty, and other damage, including, without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity] resulting from the claim or demand.

The issue of whether Mark should be liable for Lisa's expenses falls within the parameters of a motion to enforce under the Family Code and does not constitute an adjudication of title. *See* TEX. FAM. CODE ANN. § 9.007(a). The trial court thus has jurisdiction over this claim.

Lisa also asks the trial court to require Mark to (1) notify the bank that Lisa is not a proper defendant in the proceeding, (2) provide the bank with a copy of the quit-claim deed executed in connection with the divorce decree and a copy of the executed promissory mortgage note showing that Lisa was never a responsible party for the mortgage liability, and (3) ensure that the bank remove any reference

6

to her as a defendant to a foreclosure proceeding from any notice filed with credit reporting agencies. Assuming they have merit, these requests fall within the trial court's statutory authority to assist in the implementation of or to clarify the parties' obligations under the decree. *See id.*

We agree with Mark that some of Lisa's specific requests for indemnification may have been rendered moot by further action in the Florida court. Mark's motion to dismiss Lisa's appeal explains that Lisa was discharged from any possible liability that she may have had when he transferred the property and paid outstanding expenses in January 2013. As none of these events are part of our appellate record, Mark may present them in the trial court on remand. It is not apparent from Mark's motion to dismiss that the entire controversy is moot. In particular, Lisa requested that Mark (1) reimburse reasonable attorney's fees and expenses that she incurred in connection with the Florida property or the suit and (2) notify credit reporting agencies that Lisa has no connection to the Florida suit may continue to be in dispute, even though the Florida action is resolved. We hold that the trial court erred in concluding that it lacked subject-matter jurisdiction to determine whether Mark is obliged to satisfy these requests under the divorce decree's indemnification provision and, if so, to enforce those obligations.

## Conclusion

We hold that the trial court correctly dismissed the part of Lisa's motion to enforce that asks to remove her designation as a defendant in the pending Florida foreclosure action, but erred in dismissing Lisa's claims for clarification and enforcement of Mark's obligations under the divorce decree's indemnification provision, with respect to reasonable attorney's fees and expenses she has incurred in connection with the Florida suit and the preservation of accurate credit rating information for her credit reports. We affirm in part, reverse in part, and remand the cause for further proceedings consistent with this opinion.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.