**D. L. IRWIN et al., Appellants,**

v.

**PAR–OIL WELL SERVICING COMPANY, Appellee.**

**No. 7341.**

Court of Civil Appeals of Texas. Texarkana.

Aug. 22, 1961.

Rehearing Denied Sept. 12, 1961.

See also 344 S.W.2d 893.

L. F. Burke, Longview, Austin Guest, Clarksville, for appellants.

Jones, Brian & Jones, Marshall, Ben Edwards, Clarksville, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Par-Oil Well Servicing Company, a corporation, sued appellants-defendants, D. L. Irwin, B. W. Hemphill, Josh Moore and Dale Neal in the District Court of Red River County for an alleged balance due by virtue of a written contract to drill an oil well. Appellants answered and filed a cross-action. The case was tried to a jury, and the jury's verdict (on the issues as submitted) was in favor of the appellee. Judgment was entered for the appellee, and the appellants have perfected their appeal.

By their points 2 and 3 appellants complain of the action of the trial court in permitting the appellee to interrogate the appellant, Irwin, about the second amended cross-action in another suit between D. E. McMillan vs. Hemphill & Irwin pending in the District Court of Gregg County, and in not granting appellant's motion for a mistrial urged at the time of interrogating the appellee Irwin about the suit. The appellants immediately objected to the interrogation about the suit, and moved for a mis-

trial. Under Chapter 2 "Offer of Evidence, Objections and Exceptions" in Texas Law of Evidence, Vol. 1, p. 18, such action by the appellee was totally in error. Art. 27 of said chapter reads as follows:

"While an objection may, of course, be expressly waived, implied waivers are far more common. The usual instance of implied waiver is the failure to object at the proper time. But other conduct may amount to a waiver. Suppose a party has introduced evidence of certain facts *without objection*. Later he offers additional evidence of the same facts, perhaps by other witnesses or *written documents*. May his opponent now object or does his previous failure amount to a waiver? Our courts have usually said that he has lost his right. *There is good argument and some authority to the contrary*. In any event the overruling of the new objection will usually not be prejudicial error since the evidence is merely cumulative. Where a party has objected to evidence of a particular fact and later produces evidence from his own witnesses of the same fact he will be deemed to have waived his objection. *However, if his objection was overruled, cross-examination of his adversary's witness about the same matter will not be treated as a waiver*. Is it necessary to repeat objections each time similar evidence is offered to prevent a waiver? For example, suppose one party offers testimony by one witness and the adversary's objection to it is sustained. If the party later offers similar evidence by the same or another witness the adversary must repeat the objection in order to have a ground of complaint. *On the other hand where the first objection was overruled, and properly preserved in the record, the party is entitled to assume that the judge will make the same ruling as to other offers of similar evidence and he is not required to repeat the objection. His first objection is not considered waived but extends to all similar evidence subject to the same objection.*" (Emphasis added.)

■ The offer of pleadings between third parties, unless there is an admission against interest, is wholly inadmissible. 24 Tex.Jur.2d 66, Sec. 562; 24 Tex.Jur.2d 205, Sec. 631. There is no evidence in the record that would illuminate the transaction between the appellant and the appellee, or is against an admission of interest by appellants. Evidence of independent transactions between the same parties is inadmissible if it does not tend to illuminate any issue in the case. 23 Tex.Jur.2d 283, Sec. 186. Especially is it true that questions between third parties are not admissible. Actually, the pendency of the other suit between appellants Irwin and Hemphill and the man McMillan constituted a third-party action. Evidence may not be introduced of transactions with third persons that do not affect either the party offering the evidence or the party against whom it is offered. 23 Tex.Jur.2d 284, Sec. 187, and authorities therein cited. The pendency of another suit of a similar nature between either the plaintiff or the defendant and a third party is inadmissible. Such testimony is usually immaterial and prejudicial to the one it is offered against. 23 Tex.Jur.2d 291, Sec. 191. The points are sustained.

The judgment of the trial court is reversed and the cause is remanded.